ROBERT S. BROWN

*v.*

DAVID S. COZARD, SR., *et al.*

1. CHANCERY—*marshalling assets.* The principle of equity, that where one party has a lien on or interest in two funds for a debt, and another party has a lien on or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund, in the first instance, for satisfaction, is subject to two qualifications: that it shall not operate to the prejudice of the creditor entitled to the two funds, and that it works no injustice to the common debtor.

2. MARSHALLING ASSETS—*to subject homestead to sale.* Where a debtor gave a mortgage on a quarter section of land, in one forty acres of which was his homestead, the mortgage releasing the exemption, a judgment creditor of the mortgagor, having no release as to his judgment, sought by bill in equity to compel the mortgagee to resort first to the forty acres containing the homestead, for the satisfaction of the mortgage, so that the judgment, with the residue of the mortgage debt, might be satisfied out of the balance of the quarter section: *Held,* that the relief could not be granted, as the effect of it would be to give the judgment creditor the benefit of the release made, not in his favor, by an order of the court, and would be in violation of the intent of the statute, that the homestead right should not be injuriously affected for debt, without the written assent of the debtor.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. D. C. JONES, for the plaintiff in error.

Mr. T. E. MERRITT, for the defendants in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The owner of a certain quarter section of land, in the south-west quarter of which he had a homestead right, having given a mortgage on the quarter section, in which he had released his homestead right, and there being a judgment against him which was a lien upon the quarter section, the

judgment creditor brought this bill in equity against the mort-gagee and the common debtor, to compel the former to resort first for the satisfaction of his mortgage to the south-west quarter of the quarter section, so that the judgment, with the residue of the mortgage debt, if any, might be satisfied out of the remaining portion of the land. A demurrer to the bill in the court below was sustained, and the bill dismissed. This is assigned for error.

In support of the bill, that principle of equity is invoked, that if one party has a lien on or interest in two funds for a debt, and another party has a lien on or interest in one only of the funds, for another debt, the latter party has a right in equity to compel the former to resort to the other fund, in the first instance, for satisfaction, if that course is necessary for the satisfaction of the claims of both parties, whenever it will not operate to the prejudice of the party entitled to the double fund. The question is, whether this is a case for the appli-cation of the principle. The mortgagee has an undoubted right to sell the homestead for the satisfaction of the mortgage; the judgment creditor has not that right, as respects the judg-ment. It will produce no injury to the mortgagee, to be com-pelled to resort first to the tract in which the homestead right exists, as respects the judgment, but has been released as respects the mortgage.

So far, the principle may apply; but the doctrine is at-tended with this qualification: that no injustice be done to the common debtor. 1 Story, Eq. Ju., sec. 642. The statute provides, that no release or waiver of the homestead exemp-tion shall be valid, unless the same shall be in writing, sub-scribed by the householder and his wife, if he have one, and be acknowledged, etc.

The object sought by this suit is to make the release of the homestead exemption, which has been made to the mortgagee, operative for the benefit of a judgment creditor, to whom there has been no release of the homestead right in writing.

If the end sought should be attained, the judgment creditor will have derived the benefit of the release of the homestead exemption, not by virtue of a release of it, in writing, to himself, but by an order of the court. The waiver of the homestead exemption was in favor of the mortgagee, and might have been made in the personal confidence that he would first exhaust all the residue of the quarter section of land before resorting to the particular tract in which the homestead right existed, and in the belief that such residue would be sufficient to satisfy the mortgage, so that the homestead would remain untouched.

The mortgagee himself, of his own accord, may first resort, for the satisfaction of his mortgage, to the tract in which the homestead right exists as against the judgment; of this the mortgagor would have no cause to complain, because it would be in the exercise of a power which he himself had voluntarily bestowed upon the mortgagee. But when the mortgagee, not by his own voluntary action, and for his own benefit, but at the instance and for the benefit of a judgment creditor, for the purpose of having his judgment satisfied, is compelled to resort first for the satisfaction of his mortgage to the tract subject to the homestead exemption as respects the judgment, the mortgagor then would seem to have just cause of complaint, that his homestead had been taken from him in a mode and for the benefit of a creditor, not contemplated by the statute, and whereto he had never given his assent.

This would be in violation of the intent of the statute, that the homestead right should not be injuriously affected for debt, without the express assent, in writing, of the debtor.

The purpose of the statute is a benign one : to secure to the debtor and his family a home, sacred from sale for debt, save by the freely given assent of himself and his wife, in writing.

And we think a court of equity should act in the exercise of the power which is invoked in the present instance, so far as may be, in such a way as to advance and not to thwart the policy of the statute.

Being of opinion that the relief sought would be in contravention of the spirit and policy of the homestead act, and to the injury of the common debtor, we think the demurrer was properly sustained and the bill rightly dismissed.

The decree is affirmed.

*Decree affirmed.*