VERMONT SAVINGS BANK v. LOUIS R. ELLIOTT ET AL.

*Mortgage sale of homestead—Distribution of surplus.*

In distributing the surplus received on a foreclosure sale of a homestead exceeding $1500 in value and incapable of division a mortgage of the homestead interest is entitled to be paid before anything is applied on antecedent levies.

Appeal from Wayne (Speed, J.)    Jan. 25.—April 9.

BILL of foreclosure.   Complainant appeals.   Reversed.

*Ed. E. Kane* for complainant.   Liens existing upon the land, before sale, in equity, attach. to the proceeds in the same order of priority as they were in before the sale: *Matthews v. Duryee* 45 Barb. 70.: 4 Keyes 535; *Averill v. Loucks* 6 Barb. 478; *Denton v. Nanny* 8 Barb. 626; *Vartie v. Underwood* 18 Barb. 561; *Astor v. Miller* 2 Paige 68; *Belchier v. Butler* 1 Eden 530; *Bartlett v. Gale* 4 Paige 507; *Dunning v. Bank* 61 N. Y. 503; *Moses v. Murgatroyd* 1 Johns. Ch. 130; *DeLa Vergne v. Evertson* 1 Paige Ch. 182; *Titus v. Neilson* 5 Johns. Ch. 457; *Blydenburgh v. Northrop* 13 How. Pr. 289; *Pickett v. Buckner* 45 Miss. 246; *Hinchman v. Stiles* 1 Stockt. N. J. Eq. 455; *Vreeland v. Jacobus* 19 N. J. Eq. 231; *Habersham v. Bond* 2 Geo. Dec. 46; *Bank v. Hinton* 21 Ohio St. 509; 2 Jones on Mtg. § 1687, 1693, 1694; Thomas on Mortgages 385.

*George H. Lothrop* for defendant J. H. Farwell.

CHAMPLIN, J.   Defendants Edward A. Elliott and Louise H. Elliott, his wife, for some years owned and occupied a homestead consisting of a single city lot in Detroit, exceeding in value $1500, and not capable of division so as to set off a homestead of the value of $1500 or under.   Upon this homestead said Elliott and wife executed a mortgage to the complainant.   Subsequently a number of liens and mortgages were placed upon the premises, among which were the following, in their order:   (1) levy, December 26, 1877, Jason Stebbins; (2) levy, September 10, 1878, J. H. Far-

well; (3) levy, September 13, 1878, Preston & Harper; (4) levy, September 25, 1878, A. Ives and others; (5) mortgage duly executed by Edward A. Elliott and wife to Louis R. Elliott, so as to bind their homestead interest in said property, under the laws of this State, to secure $5237.35 due to mortgagee and the other appellants, November 30, 1878; recorded December 2, 1878. These levies and the mortgage are all unpaid, except so far as a stipulated payment of $4000, out of the surplus in this case on Nos. 2, 3, and 4, may have paid some of them, and are undischarged. Nos. 1 and 5 belong to Louis R. Elliott. Nos. 2, 3, and 4 belong to Jesse H. Farwell.

The mortgage to complainant was foreclosed in this case below; the property sold for about $21,000, realizing a surplus of about $6000. Edward A. Elliott and family were occupying this mortgaged property as a homestead at the time it was sold under the decree of foreclosure. Proceedings to distribute this surplus were had, and the circuit court commissioner reported that $1500, being the amount of the homestead interest of said E. A. Elliott and wife in the mortgaged premises, should be first paid to Louis R. Elliott on the second mortgage, (No. 5,) and the balance applied to the payment of the levies in their order. To this report defendant Farwell excepted. Pending the hearing of these exceptions, Edward A. Elliott and Louise H. Elliott died, and their personal representatives duly became parties to the suit. The circuit court sustained the exceptions, and decreed that the surplus should be applied in payment of the levies in their order. Levies 1, 2, 3 and 4 will more than exhaust the surplus. From so much of this decree as denies a first payment of $1500 on the second mortgage, (No. 5,) the present appeal is taken. The notices of all the levies aforesaid, in the office of the register of deeds for Wayne county, are signed with the name of the sheriff of said county, by one of his deputies, and recite that the levies were made by the sheriff. Edward A. Elliott and his family were occupying the mortgaged property as a homestead at the time these levies were made.

The sole question in this case is whether $1500 surplus moneys resulting from a sale of a mortgagor's homestead upon a foreclosure in chancery shall be applied to the payment of subsequent levies under executions issued upon judgments against the mortgagor alone, in preference to a mortgage made by the debtor and his wife after the levies, and while the mortgaged premises were occupied by such debtor as a homestead. The Constitution exempts from forced sale on execution or other final process from a court, for any debt contracted after its adoption, a lot in any city, village or recorded town plat, or such parts of lots as shall be equal thereto, and the dwelling-house thereon, and its appurtenances, owned and occupied by any resident of the State, not exceeding in value $1500. And the statute provides that whenever the homestead of any debtor, in any case where a circuit court commissioner shall advertise the same for sale under a decree of foreclosure of a mortgage not valid as against the homestead, shall exceed $1500 in value, he shall not lose the benefit intended to be secured to him by the Homestead Act; and if the premises cannot be divided, and are sold, and bring more than $1500, the proceeds to the amount of $1500 shall be paid to the debtor, and shall be exempt from execution for one year thereafter. How. Stat. ch. 267.

In *Smith v. Rumsey* 33 Mich. 183, it was held that the homestead was not subject to execution, but it was grantable, and the husband might convey it to his wife without consideration, and such disposition was no concern of the creditors, and that "the law excludes the homestead from all remedies of creditors in all courts, and the power of the creditor to take it against the will of the owner is absolutely subverted." And this case was approved in *Anderson v. Odell* 51 Mich. 492; and in *Lozo v. Sutherland* 38 Mich. 168, where the homestead was owned by husband and wife as tenants in common, and an execution was levied upon the husband's interest to satisfy a judgment against him, and was sold, and a deed obtained thereunder, and the husband and wife filed a bill to set aside the sale, on the ground that the

premises, being less than a city lot, was a homestead. The premises exceeded fifteen hundred dollars in value, but there were certain mortgages upon them, and the bill alleged that the value thereof, exclusive of the mortgages which were given prior to the levy, did not exceed fifteen hundred dollars ; it was held that the complainants were entitled to the relief asked. The principle upon which these cases proceed is that the homestead, within the constitutional and statutory limitations, and in cases where the premises occupied by the householder and family exceed those limitations as to value, and are indivisible, the homestead interest, to the amount of fifteen hundred dollars, is absolutely exempt from execution, and is subject to the control and disposition of the debtor and his wife, to the entire exclusion of creditors.

In the case under consideration, the homestead not being capable of division and exceeding in value fifteen hundred dollars, and subject to a mortgage to complainants, was exempt from execution to the extent of fifteen hundred dollars over the mortgage debt, and if the question was one between the mortgagors and the execution creditors, under the ruling in *Lozo v. Sutherland* the mortgagors would be entitled to the fifteen hundred dollars as exempt from levy on execution ; and under the ruling in *Smith v. Rumsey* they could make such disposition of this exemption as they chose. They did give a mortgage upon the property which covered this exempted interest, to Louis R. Elliott, and his rights are paramount to those of the execution creditors, for the reason that those creditors could not subject this homestead interest, secured to the debtor by the statute, to their executions.

It follows that the order of the court below must be reversed, and a new one entered in accordance with these views.

The other Justices concurred.