# FIRST NATIONAL BANK ET AL.

## v.

## CHESTER C. BRIGGS.

*Homestead—Waiver in Mortgage—Foreclosure—Distribution of Surplus—Marshalling Assets.*

1. Upon a sale of land under a mortgage containing a waiver of homestead exemption the mortgagor is entitled to the exemption out of the surplus as against subsequent judgment creditors.

2. It *seems* that where a mortgage waiving homestead covers both homestead and other lands, a court of chancery will neither marshal assets at the instance of judgment creditors, nor at the instance of the mortgagor compel the mortgagee first to sell the lands in which there is no homestead right.

[Opinion filed January 10, 1887.]

APPEAL from the Circuit Court of Winnebago County; the Hon. JOHN V. EUSTACE, Judge, presiding.

Messrs. A. B. COON & SON, for appellants.

Messrs. WILLIAM LATHROP and A. D. EARLY, for appellee.

BAKER, P. J.   On the 12th day of November, 1883, Chester C. Briggs and his wife, in order to secure the payment of $5,000 and interest, executed a mortgage to Elizabeth A. Brown upon certain premises in the city of Rockford, a portion of which premises they then occupied as a homestead, and continued to so occupy until after the entry of the decree and the time of the master's sale hereafter mentioned. The homestead rights were duly waived and released in the mortgage. On the 6th day of August, 1884, the First National Bank of Belvidere recovered a judgment in the Winnebago Circuit Court against Chester C. Briggs and one George S. Briggs, as surviving members of the firm of Briggs, Enoch and Company, for the sum of $9,828.33; and on the same day Yourt, Lawrence and Company recovered in the same court a like judgment for the sum of $3,188.34.   Upon both of these judgments executions were issued within a year after their rendition, and at the time of the entry of the decree of foreclosure hereafter mentioned they were the first judgment liens against the lands of Chester C. Briggs, the appellee.   After the execution of the mortgage and before the rendition of said judgments, appellee and his wife had sold and conveyed their equity of redemption in and to all of the mortgaged lands and lots, except that portion upon which they resided and claimed as a homestead.

Elizabeth A. Brown, the mortgagee, filed her bill in the Winnebago Circuit Court, to the October term, 1885, for the purpose of foreclosing the mortgage, and appellee and his wife, the First National Bank of Belvidere, Yourt, Lawrence and Company, and a number of other persons who were subsequent judgment creditors were made defendants.   Appellee

and wife answered the bill, claiming their homestead right, and also filed a cross-bill setting up their homestead right in the premises and claiming the same in any surplus of the proceeds of sale over and above the mortgage indebtedness. A decree of foreclosure was entered for the amount of the mortgage indebtedness and costs and an order made for the sale of the homestead premises in satisfaction of the decree, and the Master in Chancery was directed that if the premises should sell for more than sufficient to pay the decree, costs and expenses, to bring the surplus into court to abide the further order of the court.

On the 31st day of December, 1885, the master sold the homestead premises for $10,000, paid off the decree, interest and costs of sale, and reported to the court a surplus of $4,034 remaining in his hands. At the January term, 1886, the cause was again heard upon the cross-bill and other pleadings, report of sale and proofs; and the court decreed that the master should pay $1,000 of the surplus to appellee in lieu of and as and for his homestead estate, and that the residue thereof, amounting to $3,034, should be paid to the First National Bank of Belvidere and Yourt, Lawrence and Company in the proportion their respective judgments bear to said residue. From this decree the Bank and Yourt, Lawrence and Company appealed to this court.

Was appellee, under the facts of the case, entitled to $1,000 out of the surplus of $4,034 as and for and in lieu of his homestead exemption in the mortgaged premises as against appellants? This is the sole question presented by the record and assignment of errors. The question is not a new one in this court. In the case of The People v. Stitt, 7 Ill. App. 294, it was held that when land is purchased subject to a pre-existing incumbrance, the homestead right of the purchaser is contingent upon the payment of the incumbrance, but that the homestead right attaches as to all the world except those claiming under the incumbrance, and that if the land be sold to satisfy such incumbrance and the sum realized is more than enough to pay the debt, then the homestead right to the extent of $1,000 will attach to the excess in preference to all other claims. The

principle there decided is the same as that involved in this case.

Where land is sold and the sale has the effect of transferring title free from all liens, then the surplus proceeds of the sale must be dealt with and treated as land; and the parties who had estates, interests or liens in the land which were subordinate to the sale are entitled to be paid out of this surplus the equivalent of their respective interests, estates and liens, in the order of their priority. Freeman on Executions, Sec. 447; Clarkson v. Skidmore et al., 46 N. Y. 297; Hart v. Wingart, 83 Ill. 282. In Jones on Mortgages, Sec. 1693, it is said that when land is sold under a mortgage, containing a waiver of homestead exemption, the mortgagor is entitled to the exemption out of the surplus as against subsequent judgment creditors. In McTaggart v. Smith, 14 Bush. 414, it is decided that when the right to a homestead is waived or relinquished by a mortgage, it does not insure to the benefit of all the creditors of the debtor, but to such only as the mortgage was intended to secure; and that if the homestead property is sold the proceeds should be applied first to the payment of the mortgage debt, and the balance to the extent of the value of the homestead interest, delivered to the debtor, and that the right of the debtor thereto could not be questioned by any other creditor. See, also, Colby v. Crocker, 17 Kan. 527; Kid v. Johnston, 29 Penn. St. 362; and Quinn's Appeal, 86 Pa. St. 447.

In Brown v. Cozard, 68 Ill. 178, the court was asked to marshal assets for the benefit of a judgment creditor, but refused the relief sought. In the opinion of the court it was said: "The mortgagor would have just cause of complaint that his homestead had been taken from him in a mode, and for a creditor not contemplated by the statute, and whereto he had never given his assent. This would be a violation of the intent of the statute, that the homestead right should not be injuriously affected for debt, without the express assent, in writing, of the debtor. The purpose of the statute is a benign one—to secure to the debtor and his family a home, sacred from sale for debt, save by the freely given assent of himself

and his wife in writing. We think a court of equity should act in the exercise of the power which is invoked in the present instance, so far as may be, in such a way as to advance and not to thwart the policy of the statute."

It is the rule in this State that where a mortgage waiving homestead covers both homestead and other lands, a court of chancery will not either marshal assets at the instance of a judgment creditor, or, at the instance of the mortgagor and in the absence of a contract therefor, compel the mortgagee to first sell the lands in which there is no homestead right; the reason for the first branch of the rule is, that such marshalling would be an injustice and injury to the common debtor; and the reasons for the other branch of the rule are, first, that the rule in equity for the marshalling of assets has no application as between debtor and creditor, and secondly, that the mortgagee has a right by the terms of his contract, to elect which tract of land he will sell first. Rogers v. Meyers, 68 Ill. 92; Brown v. Cozard, 92 Ill. 178; Plain v. Roth, 107 Ill. 588.

In the case at bar the decree of the court was for the sale only of the premises to which the homestead right attached, but those premises were of such value that they sold for $10,000, which was enough to discharge the mortgage indebtedness, pay appellee his $1,000 homestead exemption, and still leave $3,034 for appellants, as judgment creditors. The latter insist, however, the homestead exemption was waived in the mortgage, and claim, in substance, that when the premises were sold under the mortgage it must be regarded the homestead right or estate was first sold, and the value thereof applied as a credit on the mortgage debt, and then the residue of the interest in the premises sold, realizing a sufficient amount to satisfy the balance due on the mortgage and leaving $4,034 to be paid on their judgment liens. Though not stated in this form, this is the logic of the claim made. It is to all intents and purposes a marshalling of assets for their benefit as creditors; and, as was said in Brown v. Cozard, *supra*, " the relief sought would be in contravention of the spirit and policy of the homestead act, and to the injury of the common debtor. The fact that in the case last mentioned there were

two tracts of land, one only of which constituted the home-stead, while here there is but one parcel and that is the home-stead, is an unimportant circumstance, as the doctrine of mar-shalling assets may be applied in a case where there are several different interests and estates in the same lot of land, as well as where there are two or more parcels.

The conclusion reached works no hardship or injustice to appellants. If before the foreclosure sale they have sold the premises upon their judgments, they would have been obliged to pay appellee $1,000 in satisfaction of his homestead right. If the mortgage debt had been settled before sale, the liens of appellants would have been subordinated to the homestead estate of appellee, and it would seem the fact the debt was settled by means of a sale, should make no difference in this respect, as thereby they receive in money the value of the interest to which their liens attached.

The decree of the Circuit Court is affirmed.

*Affirmed.*