## ABRAHAM J. FRIEDLANDER *et al.*

*v.*

## HAMILTON W. FENTON.

*Opinion filed June 21, 1899.*

1. DEBTOR AND CREDITOR—*when creditor is not required to resort to fund in which he has a sole interest.* Although a creditor has a lien or interest in two funds and another has an interest in only one of them, the former will not be compelled by equity to first resort to the fund on which the other has no claim, where such course will operate to the prejudice of the one having such double interest.

2. INSOLVENCY—*when mortgagee need not first resort to foreclosure.* One holding a judgment note of a merchant in failing circumstances, which is secured by mortgage on real estate, may obtain judgment by confession and levy on the stock of goods, and the county court, upon subsequent voluntary assignment proceedings, may protect his rights without requiring him to first resort to foreclosure.

3. SAME—*judgment notes made in contemplation of voluntary assignment are void.* Judgment notes intended to create a preference in contemplation of voluntary assignment, their execution and the execution of the deed of assignment being part of the same transaction, are void.

4. EXECUTION—*what not a material variance between execution and judgment.* An execution, issued on a judgment by confession in vacation, which correctly describes the judgment and its date but which recites that the judgment was recovered at a former term of court, is not void for variance, where such recital is the result of a clerical error and may be regarded as surplusage.

*Heidelbach, Friedlander & Co.* v. *Fenton*, 79 Ill. App. 357, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the County Court of Macon county; the Hon. WILLIAM L. HAMMER, Judge, presiding.

MILLS BROS., and LEFORGEE & LEE, for appellants:

In carrying out the provisions of the statute in relation to assignments for the benefit of creditors, county courts should exercise equitable powers. *Ide* v. *Sayer*, 129 Ill. 235; *Union Trust Co.* v. *Trumbull*, 137 id. 158; *In re Corrington*, 124 id. 363; *Farwell* v. *Crandall*, 120 id. 70.

A creditor having a right to resort to two funds, as to one of which his right is exclusive, must exhaust such fund before resorting to another, where it trenches upon the right or operates to the prejudice of other creditors. *Morrison* v. *Kurtz*, 15 Ill. 193; *Brown* v. *Cozard*, 68 id. 178; *Hurd* v. *Eaton*, 28 id. 122; *Boone* v. *Clark*, 129 id. 466; *Sweet* v. *Redhead*, 76 id. 374.

The rule prevails even though the exclusive fund or security held by such creditor consists of the debtor's homestead. *Janes* v. *Dow*, 18 Wis. 241; *In re Sanehoff*, 7 Biss. 167; *Searle* v. *Chapman*, 121 Mass. 19; *Plain* v. *Roth*, 107 Ill. 588.

An execution must follow the judgment on which it is issued. A variance between the execution and the judgment upon which it is based renders the execution void. *Harmon* v. *Larned*, 58 Ill. 167; 7 Am. & Eng. Ency. of Law, 123.

A material variance between an execution and the judgment upon which it is founded is good ground for quashing the former, or rejecting it where offered in evidence to support a claim arising thereunder. *Sidwell* v. *Schumacher*, 99 Ill. 436; *Ames* v. *Sankey*, 128 id. 526; *Bybee* v. *Ashley*, 2 Gilm. 151; *Cohen* v. *Menard*, 31 Ill. App. 505; *Walker* v. *Marshall*, 7 Ired. L. 45; *Bradford* v. *Water Lot Co.* 58 Tex. 111; *Janes* v. *Dow*, 18 Wis. 241.

Until a debtor has determined upon an assignment he has complete power of disposal to convey or create liens by way of preference in favor of a *bona fide* creditor. *Field* v. *Geohegan*, 125 Ill. 68; *Schwartz* v. *Messinger*, 167 id. 474; *Hanford Oil Co.* v. *Bank*, 126 id. 584; *Preston* v. *Spaulding*, 120 id. 210; *Bank* v. *Sanchez*, 131 id. 330.

I. A. BUCKINGHAM, and HUGH CREA, for appellee:

The execution of the judgment notes in favor of appellants and the execution of the deed of assignment being parts of the same transaction, the judgment notes are void, and the execution issued on the judgment con-

fessed by virtue of such notes did not become a lien on the property of the insolvent. *Preston* v. *Spaulding*, 120 Ill. 208; *Bank* v. *Rehm*, 126 id. 461; *Hanford Oil Co.* v. *Bank*, 126 id. 591; *Young* v. *Clapp*, 107 id. 176; *Illinois Paper Co.* v. *Bank*, 149 id. 450; *Sweet, Dempster & Co.* v. *Scherber*, 42 Ill. App. 237.

A misdescription of a judgment in an execution is a mere clerical error, and may be corrected by parol testimony. *Durham* v. *Heaton*, 28 Ill. 270; *Corbin* v. *Pierce*, 81 id. 463; *Keith* v. *Keith*, 104 id. 491; *Railsback* v. *Lovejoy*, 116 id. 442; *Newman* v. *Willets*, 60 id. 520.

Appellee was not required to foreclose his mortgage before he could receive payment from the proceeds of the sale of the stock of goods on which his execution was a lien at the time of the assignment. *In re Bates*, 118 Ill. 524; *Brown* v. *Cozard*, 68 id. 178; *Bank* v. *Bank*, 151 id. 308; *Levy* v. *Bank*, 158 id. 88.

The assignee took the personal property of Ross charged with the lien of appellee's execution. *Plume & Atwood Manf. Co.* v. *Caldwell*, 136 Ill. 163.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

On the 13th day of November, 1893, Albert F. Ross, a merchant at Decatur, executed a judgment note for $6000 to the appellee, Fenton. Rebecca K. Ross, the wife of Albert F. Ross, joined in the execution of the note. The note was secured by a mortgage upon real estate in Decatur. On the fifth day of June, 1896, judgment was confessed on this note in the circuit court of Moultrie county, in vacation, for the sum of $6957.95, upon which judgment an execution was issued to the sheriff of Macon county, reaching his hands June 6, 1896, at about four o'clock P. M. This execution recited that the judgment was recovered "in the circuit court of the county of Moultrie, at a term thereof begun and held at Sullivan on the 20th day of April, 1896, to-wit, on the day of the date

hereof, June 5, 1896, as of said term, by confession of said defendants, and which by the court was adjudged to the plaintiff for his damages herein." Immediately after the execution was placed in the hands of the sheriff a demand was made upon Albert F. Ross for payment, but no levy was made. On the following day (Sunday) Joseph A. Friedlander, of Cincinnati, representing his own firm and another firm who were creditors of Ross, arrived at Decatur in response to a telegram sent him by Ross. A conference was held between Ross, Friedlander and James W. Race, a merchant of Decatur who had been called in by the parties. The question of the advisability of an assignment by Ross was discussed. In the afternoon of that day Ross executed judgment notes to Heidelbach, Friedlander & Co. and Levy, Price & Co. for the amounts due them, which notes were delivered to Friedlander, and at an early hour on the morning of June 8 judgments were confessed on these notes in the circuit court of DeWitt county, and within a few hours afterwards were placed in the hands of the sheriff of Macon county. Shortly after midnight on the 7th Ross executed a deed of assignment to Race, which was filed for record the forenoon of Monday, June 8. Levy was made by the sheriff of Macon county by virtue of the different executions in his hands, including those of appellants and appellee, but afterwards, on petition of the assignee, the entire stock of goods was surrendered to him, all rights of execution creditors being saved. After the assignee had converted the goods into money this controversy arose among the execution creditors concerning their priority, and the assignee having applied to the county court for an order directing him as to distribution, that court held that the appellee should be first paid. The court also held that the executions of appellants were void, on the ground that the notes and warrants of attorney upon which the judgments were confessed, having been issued contemporaneously with the deed of assignment, should

be taken and held as a part thereof and that appellants should be paid *pro rata* with the general creditors. On appeal from that order the Appellate Court for the Third District affirmed the order of the county court, whereupon this appeal was prosecuted to this court.

It is contended here that the note of appellee having been secured by mortgage on real estate, he must first have resorted to that before maintaining the lien of his execution as against that of appellants; also, that there was a variance between the execution and the judgment upon which it was based, the judgment having been rendered in vacation and the execution having recited that it was rendered at the April term of the circuit court of Moultrie county; also, that the judgment notes of appellants, although executed about the time of the assignment, were not void.

The mere fact that the note of appellee was secured by a real estate mortgage would not preclude him from enforcing his lien upon this stock of goods. It does not appear from this record what was the value of the real estate mortgaged, or that this security was of value sufficient to satisfy the judgment of appellee. The county court would not be justified, in a case of this character, in withholding settlement with the assignee for the long period of time which would be necessary to enable the mortgagee to go into a court of equity, foreclose his mortgage, procure a decree of sale, await fifteen months' redemption, and then, perhaps, await a sale of the premises by the purchaser, should the mortgagee bid in the property, in order to determine how much should be realized from this security. While it is true the general rule is that where a party has a lien or interest in two funds and another party has a lien in only one of the same funds the party having the lien or interest in the two will be compelled by court of equity to first resort to the fund in which he has the sole interest, yet this rule will not be enforced where it operates to the prejudice of the

party holding the double interest. *Brown* v. *Cozard*, 68 Ill. 178; *In the matter of Bates*, 118 id. 524; *Levy* v. *Chicago Nat. Bank*, 158 id. 88.

As to the contention of appellants that there is a variance between the execution and the judgment of appellee, we find no substantial variance. The judgment was in fact confessed in the circuit court of Moultrie county in vacation, on the fifth day of June. The recital in the execution is, that it was recovered in the circuit court of Moultrie county on the day of the date hereof, June 5, 1896, by confession, etc. The other recital as to the April term is a mere clerical error, which may be regarded as surplusage, and when it is so disregarded the execution correctly describes the judgment as having been rendered in vacation.

The record in this case clearly shows that the execution of the judgment notes in favor of appellants, and the execution of the deed of assignment to Race, were parts of the same transaction. The matter of the assignment was discussed by the judgment debtor, by appellants and by the assignee. The evidence of Ross clearly shows these judgment notes to have been executed to appellants, at the request of Friedlander, as preferences, in contemplation of an assignment. Under such circumstances and under our statute the notes and the judgments rendered upon them were void. *Preston* v. *Spaulding*, 120 Ill. 208; *Hide and Leather Nat. Bank* v. *Rehm*, 126 id. 461; *Hanford Oil Co.* v. *First Nat. Bank*, 126 id. 584; *Illinois Paper Co.* v. *Northwestern Nat. Bank*, 149 id. 450.

The judgment of the Appellate Court for the Third District affirming the order of the county court of Macon county was right, and it is affirmed.

*Judgment affirmed.*