## In re BARRETT'S ESTATE.

(District Court, D. Oregon. September 27, 1905.)

### No. 917.

HOMESTEAD—WAIVER OF EXEMPTIONS—MORTGAGE—RIGHT TO EXEMPTION FROM SURPLUS.

> Where a homestead is sold under a mortgage, and the proceeds are more than sufficient to satisfy the mortgage debt and costs, the homesteader is entitled to his exemption out of the surplus. This rule is based on equitable principles, and in view of the purpose of the homestead exemption is applicable in all cases, unless expressly or by necessary implication provided otherwise by statute.

In Bankruptcy.

Walter G. Hayes, for bankrupt.
J. B. Ofner, for creditors.

GILBERT, Circuit Judge. The bankrupt owns 24 acres of land in Washington county. She claims the same exempt as a homestead. It is being sold under foreclosure of mortgages which she placed upon it. The amount of the foreclosure debt, with costs, aggregates $1,355. The property has been offered for sale, and an offer of $1,755 has been made therefor. But the sale is in abeyance. If the sale is consummated, the bankrupt claims that all of the proceeds over and above the mortgage debt and costs is exempt. The trustee claims that all of the proceeds over and above $1,500, to wit, $255, should be paid into court for the creditors. This contention is submitted for decision to the undersigned as arbitrator.

The decision of the question depends upon the meaning and effect of sections 221–225, B. & C. Comp. Or. Those provisions, in brief, exempt the homestead of any family from judicial sale for the satisfaction of any liability thereafter contracted, or for the satisfaction of any judgment thereafter obtained on such debt, and restrict the homestead to $1,500 in value, and provide that in no instance shall such homestead be reduced to less than 20 acres.

In 15 Am. & Eng. Enc. of Law, 692, it is said:

"It has been considered that a creditor of the homesteader has no right, as against the latter, to insist that an incumbrance covering the homestead and other property shall be enforced primarily against the homestead; but, on the other hand, the homesteader may insist that the other property be first sold, and that if, when the entire property is sold under such an incumbrance, there is a surplus after paying the amount due, the homesteader may receive out of

such surplus the amount of the homestead exemption free from the claims of other creditors."

In Jones on Mortgages, § 1693, it is said:

"When land is sold under a mortgage containing a waiver of homestead exemption, the mortgagor is entitled to exemption out of the surplus as against subsequent judgment creditors."

Waples, in his work on Homestead Exemptions (page 551), says:

"The waiver of exemption in a mortgage is made with reference to the mortgagee only. So, on foreclosure, if there be a surplus after the satisfaction of the mortgage, it is unaffected by the waiver, and is exempt, as the land previously was. It is not open to junior mortgagees or general creditors, since they were not contemplated in the waiver."

The same doctrine is announced in Freeman on Executions, § 447.

If this general doctrine so stated in the text-books is sustained by the authorities, it effectually disposes of the contention which is presented in the present case, and it follows that the bankrupt is entitled to receive all the proceeds of the proposed sale of her homestead over and above the mortgage debt and costs. But it is contended that the decisions on which this doctrine rests are cases in which peculiar statutes were construed; statutes which made special provision either that such proceeds, to the extent of the value of the homestead exemption over and above the mortgage debt, should not be subject to other debts, or that the homesteader should be entitled to exemption to the amount of the value of his interest in the homestead property. This contention is true as to some of the decisions, but not as to all; and it may be said to be the general doctrine, irrespective of such special statutory provisions, that the homesteader, where he has mortgaged the homestead premises, if they exceed in value the homestead exemption, is entitled to have the property not exempt first subjected to the mortgage debt, or, if all the property is required to be sold, he is entitled to have out of the proceeds over and above the mortgage the amount of his homestead exemption, free from the claims of other creditors. This was held in Quinn's Appeal, 86 Pa. 447; Mitchell v. Milhoan, 11 Kan. 617; Frick Co. v. Ketels, 42 Kan. 527, 22 Pac. 580, 16 Am. St. Rep. 507; White v. Fulghum, 87 Tenn. 281, 10 S. W. 501; Simpson v. Biffle (Ark.) 38 S. W. 345; Leak v. Gay, 107 N. C. 468, 12 S. E. 312; Van Story v. Thornton, 112 N. C. 197, 17 S. E. 566, 34 Am. St. Rep. 483; Foley v. Cooper, 43 Iowa, 376; McLaughlin v. Hart, 46 Cal. 638; Vermont Savings Bank v. Elliott, 53 Mich. 256, 18 N. W. 805; McArthur v. Martin, 23 Minn. 74; Ray v. Adams, 45 Ala. 168; and In re Nye, 133 Fed. 33, 66 C. C. A. 139.

In the states in which by statute special provision has been made for the exemption of the homesteader's interest in such proceeds the laws may be said to be legislative recognition of the equitable doctrine so announced in other states, in the absence of such statutory provisions. See Brown v. Cozard, 68 Ill. 178; First National Bank v. Briggs, 22 Ill. App. 228; Hoy v. Anderson (Neb.) 58 N. W. 125, 42 Am. St. Rep. 591. The only decisions that have been found to hold

contrary to that general equitable doctrine are White v. Polleys, 20 Wis. 503, 91 Am. Dec. 432; and Parr, Nolen & Co. v. Fumbanks, 11 Lea (Tenn.) 392. As the result of the decision in White v. Polleys, the Legislature of Wisconsin enacted a statute providing that, where any portion of mortgaged premises consists of a homestead which can be sold separately without injury to the owner, the homestead shall not be offered for sale until all other lands shall have been offered and sold. Under that statute the court, in Hanson v. Edgar, 34 Wis. 653, held the contrary of its former ruling; and in Tennessee the court, in White v. Fulghum, supra, on general equitable grounds overruled the case of Parr, Nolen & Co. v. Fumbanks.

There seems to be no room for doubt, therefore, that on equitable principles, and in view of the purpose of the homestead exemption and the rule of liberal construction applicable thereto, the doctrine *is now established that where a homestead is sold under a mortgage,* and the proceeds are more than sufficient to satisfy the mortgage debt and costs, the homesteader is entitled to his exemption out of the surplus. I find nothing in the laws of Oregon to change that rule, and I hold that the bankrupt is entitled to the proceeds of her homestead, up to the sum of $1,500, after payment of the mortgage debt and costs of foreclosure.