**In re William Richard CHADWICK & Lorraine Deanne Chadwick, Debtors.**

**Bankruptcy No. 89–42226–2.**

United States Bankruptcy Court,
W.D. Missouri.

May 15, 1990.

■■■■■■■■■■■■■■■■■■■■

Stephen B. Strayer, Office of U.S. Trustee, Liberty, Mo., for debtors.

Irvin V. Belzer, Kansas City, Mo., for Mercantile Bank.

Lyndel Mason, Berman, DeLeve, Kuchan & Chapman, Kansas City, Mo., for trustee.

Rebecca Miln, Gage & Tucker, Kansas City, Mo., for Paul Parkinson.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

For the background on this unusual bankruptcy case, see the earlier opinion issued April 24, 1990, for additional factual material. 113 B.R. 540. The single important fact for this opinion is that debtors were partners entitled to claim Kansas exemptions and have done so. The present issue is a determination out of which set of assets Mercantile Bank should satisfy its claim. There are several possible permutations. Mercantile is owed approximately $112,000.00 and it has a perfected security interest in the following:

1. $300,000.00 in life insurance proceeds;
2. $50,773.35 proceeds from the sale of stocks;
3. $60,000.00 estimated value in a condominium which has not been sold.

Creditors, of course, want the Court to order the payment out of the insurance proceeds because those are exempt under Kansas law. Debtor, on the other hand, wants the condominium to be sold and the payment ordered out of the funds from the sale of the stocks and the funds from the sale of the condominium, when and if it is sold. The Court has taken somewhat the middle ground as a matter of common sense and practicality. The Court ordered orally that the debt to Mercantile Bank be paid first from the funds realized from the sale of the stocks and the balance from the life insurance proceeds.

Creditors have complained that the Court in so doing has overlooked the doctrine of marshaling. It is the creditors' position that Mercantile Bank is the only creditor which can reach the insurance proceeds and that following the principles of *In re Jack Green's Fashions for Men–Big and Tall, Inc.*, 597 F.2d 130 (8th Cir.1979) requires said Bank to take all of its debt out of the fund which it alone can reach. The Court might agree with the creditors except that Kansas Courts consistently have refused to allow marshaling of exempt property. See *The Fidelity and Deposit Company of Maryland v. A.A. Helwig*, 113 Kan. 174, 213, P. 666 (1923) and *Colby v. Crocker*, 17 Kan. 527 (1877). Finally, although it is old, the Court cannot find where it has been overruled and the case of *Frick Company v. Ketels*, 42 Kan. 527, 22 P. 580 (1889) states the posture of the Kansas law as follows:

"In our opinion where a mortgage upon the homestead and other real estate is being foreclosed, the mortgagor has the right, as against the mortgagee and all other creditors and lienholders whose rights are not prior or superior to those of the holder of the mortgage, to require that before the homestead shall be resorted to for the purpose of satisfying the mortgage debt, all other mortgaged property shall first be exhausted."

■ In other words, Kansas law does not allow marshaling where exempt property is concerned. Lest counsel perceive that all the cases standing for this principle are as old as the author of this opinion, the Court hastens to cite the case of *In re Bryant*, Slip Opinion, Case # 86–12129, May 4, 1988 (Bkrtcy.D.Kan. Wichita) and *In re Johnson*, Case # 82–11269, Slip Opinion (Bkrtcy.D.Kan. Topeka, 1983) wherein the judges of the Bankruptcy Court of Kansas approved said doctrine in 1983 and 1988.

■ This leads the Court directly to the holding of the United States Supreme Court in *Meyer v. United States*, 375 U.S. 233, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963). Although counsel in this case disagree as to what that case holds, the Court reads the case to hold that marshaling is not available in federal court proceedings

where state law exempts the property, sought to be marshaled, from the reach of those creditors seeking the benefits of the doctrine. As Mr. Justice Clark stated:

"Federal courts have likewise accepted this principle of the nonapplicability of the doctrine where, as here, one of the funds is exempt under state law." (l.c. 238, 84 S.Ct. l.c. 321).

■ The situation is somewhat different as to the condominium. Not even the debtor seriously advocates foreclosure by the Bank under the onerous and cumbersome (from the creditor's point of view) Kansas procedure which might take over one year with the redemption period. Meanwhile interest on the bank loan would be accruing far faster than any appreciation of the real estate or any return on money set aside to cover any shortfall from the foreclosure sale. Debtor's daughter apparently is occupying the premises and debtor seems desirous of continuing that situation as long as possible. Indeed the debtor, Lorraine Chadwick, has filed her suggestions in opposition to any reconsideration, alteration or amendment of the Court's oral order directing the Bank first to apply the proceeds of the stock sale to its debt and then pay the balance from the proceeds of insurance.

The Court for the reasons stated above declines to reconsider, alter or amend its oral Order and hereby memorializes same with this Memorandum Opinion.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.